Clodfelter *v.* Lucas.

No. 933.

## CLODFELTER *v.* LUCAS.

HARMLESS ERROR.—*Sufficient Paragraph of Answer.—Sustaining Motion to Strike Out.—When Harmless.*—Where the facts pleaded in a paragraph of answer are sufficient to constitute a defense, and such paragraph is stricken out on motion, the ruling of the court will be but harmless error, where, under any view of the case, the same facts are provable under the general denial, which is in.

PRACTICE.—*Agreement to Withhold Decision Until Arrival of Deposition. —Announcing Decision Previous to Arrival.*—Where a cause was called for trial, and plaintiff's counsel asked that the evidence should not be considered as closed until the deposition of plaintiff, which was supposed to have been taken in his interest in a foreign State, should arrive, which was agreed to by the parties, and the trial proceeded with, it can not be matter of complaint by defendant that the court announced its finding for plaintiff before the arrival of the deposition.

From the Fountain Circuit Court.

*V. E. Livengood,* for appellant.

*F. M. Dice,* for appellee.

DAVIS, J.—This was an action by the appellee against the appellant and one William H. Lucas to recover a judgment for money alleged to have been loaned by appellee to said Clodfelter and Lucas as partners in the business of buying and selling timber.

The answer was in three paragraphs, general denial, payment, and answer that all three of the parties to the suit were partners.

The court below sustained a motion to strike out the third paragraph.

On trial by the court appellee recovered judgment for $1,253, from which appellant alone appeals.

The errors assigned are:

1. That the court erred in overruling the demurrer to the complaint.

2. That the court erred in striking out the third paragraph of the answer.

3. That the court erred in overruling the motion for a new trial.

The first error assigned has not been urged. No objection has been pointed out. On reading the complaint we are clearly of the opinion that the demurrer was properly overruled.

Conceding that the facts pleaded in the third paragraph of the answer are sufficient to constitute a defense to the action, there was no available error in the ruling on the motion to strike out, for the reason that under any view of the case the evidence was admissible under the general denial.

It is next contended that the finding of the trial court is not sustained by sufficient evidence. We have carefully read the evidence and find that it is conflicting. There was evidence in behalf of appellee tending to sustain the theory of the complaint. And in behalf of appellant the evidence tends to prove that said appellant, William H. Lucas, and appellee were partners, and that the money was advanced to the firm by appellee in pursuance of the alleged partnership agreement. In other words, if the money was loaned by appellee to appellant and William H. Lucas as partners, then appellee was entitled to recover, but if all three were partners, as claimed by appellant, the judgment should be reversed.

This was the question which the trial court was called upon to determine, and the decision having been favorable to appellee, we can not enter into a discussion of the credibility of the witnesses or the weight of the evidence.

It is next urged that the court erred in deciding the case before the arrival of the deposition of appellee, taken in his own behalf.

The record discloses that when the case was called for

trial appellee was not present, and his counsel asked that the evidence should not be considered as closed until the deposition of appellee, which was supposed to have been taken in his interest in a foreign State, should arrive. This was agreed to by the parties and the trial proceeded with.

The court thereafter, and before the arrival of such deposition, announced his finding in behalf of appellee. Appellant had made no effort to take appellee's deposition. The request for the delay was not made by him or in his interest. There is no showing that he could have proven anything to his advantage by appellee, or that he was in any manner injured by reason of the decision before the arrival of such deposition.

There was no error in this ruling.

We have failed to find any error in the record, in relation to any question discussed by counsel for appellant, that would justify a reversal of the judgment of the court below.

Judgment affirmed, at costs of appellant.

Filed Sept. 20, 1893.